# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Joe De La Torre, | Civil Action No.: 5:14-cv-260 |
| Plaintiff, | |
| v. | |
| GE Capital Retail Bank, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Joe De La Torre, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Joe De La Torre ("Plaintiff"), is an adult individual residing in San Antonio, Texas, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

4. The Defendant, GE Capital Retail Bank ("GE"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

**FACTS**

5. Beginning in or around February 2014, GE started calling Plaintiff on his cellular phone.

6. At all times mentioned herein, GE contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer").

7. When he answered the ATDS calls, Plaintiff experienced a six (6) second period of silence before one of GE's representative came on the line.

8. GE placed all calls to Plaintiff regarding payment on his account.

9. During a conversation on or about February 15, 2014, Plaintiff informed GE that is account was not overdue and requested GE cease calling his cell phone.

10. Nonetheless, GE continued to place ATDS calls to Plaintiff.

11. If at one time GE had obtained Plaintiff's express consent to place calls to his cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, *et seq.***

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiff, he was met with a period of silence before Defendant's telephone system would connect him to live person.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff did not provide and/or revoked his consent to be contacted on his cellular telephone, and in fact instructed Defendant on at least one occasion to stop all calls to him and cease calling his cellular telephone.

18. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that his account was not overdue and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 24, 2014

        Respectfully submitted,

        By: _/s/ Sergei Lemberg_

        Sergei Lemberg, *Attorney-in-Charge*
        Connecticut Bar No. 425027
        LEMBERG LAW, LLC
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-mail: slemberg@lemberglaw.com
        *Attorneys for Plaintiff*